# EXHIBIT A

# EXHIBIT A

# DISTRICT COURT CIVIL COVER SHEET

Clark _____ County, Nevada

A-15-722669-C

Case No. _____
*(Assigned by Clerk's Office)*

XXIX

## I. Party Information *(provide both home and mailing addresses if different)*

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| Suzana Pastor | Bank of America, N.A., Green Tree Servicing, LLC, Department Stores National Bank, and Equifax Information Services LLC |
| Attorney (name/address/phone):  Danny Horen  7854 W. Sahara Avenue  Las Vegas, NV 89117 | Attorney (name/address/phone): |

## II. Nature of Controversy *(please select the one most applicable filing type below)*

### Civil Case Filing Types

| Real Property | Torts | |
|---|---|---|
| **Landlord/Tenant** | **Negligence** | **Other Torts** |
| ☐ Unlawful Detainer | ☐ Auto | ☐ Product Liability |
| ☐ Other Landlord/Tenant | ☐ Premises Liability | ☐ Intentional Misconduct |
| **Title to Property** | ☐ Other Negligence | ☐ Employment Tort |
| ☐ Judicial Foreclosure | **Malpractice** | ☐ Insurance Tort |
| ☐ Other Title to Property | ☐ Medical/Dental | ☐ Other Tort |
| **Other Real Property** | ☐ Legal | |
| ☐ Condemnation/Eminent Domain | ☐ Accounting | |
| ☐ Other Real Property | ☐ Other Malpractice | |

| Probate | Construction Defect & Contract | Judicial Review/Appeal |
|---|---|---|
| **Probate** *(select case type and estate value)* | **Construction Defect** | **Judicial Review** |
| ☐ Summary Administration | ☐ Chapter 40 | ☐ Foreclosure Mediation Case |
| ☐ General Administration | ☐ Other Construction Defect | ☐ Petition to Seal Records |
| ☐ Special Administration | **Contract Case** | ☐ Mental Competency |
| ☐ Set Aside | ☐ Uniform Commercial Code | **Nevada State Agency Appeal** |
| ☐ Trust/Conservatorship | ☐ Building and Construction | ☐ Department of Motor Vehicle |
| ☐ Other Probate | ☐ Insurance Carrier | ☐ Worker's Compensation |
| **Estate Value** | ☐ Commercial Instrument | ☐ Other Nevada State Agency |
| ☐ Over $200,000 | ☐ Collection of Accounts | **Appeal Other** |
| ☐ Between $100,000 and $200,000 | ☐ Employment Contract | ☐ Appeal from Lower Court |
| ☐ Under $100,000 or Unknown | ☐ Other Contract | ☐ Other Judicial Review/Appeal |
| ☐ Under $2,500 | | |

| Civil Writ | | Other Civil Filing |
|---|---|---|
| **Civil Writ** | | **Other Civil Filing** |
| ☐ Writ of Habeas Corpus | ☐ Writ of Prohibition | ☐ Compromise of Minor's Claim |
| ☐ Writ of Mandamus | ☐ Other Civil Writ | ☐ Foreign Judgment |
| ☐ Writ of Quo Warrant | | ☑ Other Civil Matters |

*Business Court filings should be filed using the Business Court civil coversheet.*

8/5/2015
_____
Date

/s/ Danny Horen
_____
Signature of initiating party or representative

*See other side for family-related case filings.*

Electronically Filed
08/05/2015 01:47:10 PM

**CLERK OF THE COURT**

1  Danny J. Horen, Esq.
2  NV Bar No. 13153
   Kazerouni Law Group, APC
3  7854 W. Sahara Avenue
4  Las Vegas, NV 89117
   Telephone: (800) 400-6808x7
5  Facsimile: (800) 520-5523
6  danny@kazlg.com

7  David H. Krieger, Esq.
8  NV Bar No. 9086
   HAINES & KRIEGER, LLC
9  8985 S. Eastern Avenue, Suite 130
10 Henderson, Nevada 89123
   Phone: (702) 880-5554
11 FAX: (702) 385-5518
12 dkrieger@hainesandkrieger.com

13
14 *Attorneys for Plaintiff*

15 **EIGHTH JUDICIAL DISTRICT COURT**

                                          A-15-722669-C
16        **DISTRICT OF NEVADA**

17 **SUZANA PASTOR,**          Case No.:        XXIX

18          Plaintiff,         **COMPLAINT FOR DAMAGES
                               PURSUANT TO THE FAIR CREDIT
19            v.               REPORTING ACT, 15 U.S.C. § 1681,
                               ET SEQ.**
20
21 **BANK OF AMERICA, N.A.,    JURY TRIAL DEMANDED**
   GREEN TREE SERVICING,
22 LLC, DEPARTMENT STORES
   NATIONAL BANK, and
23 EQUIFAX INFORMATION
   SERVICES, LLC,**
24
25
          Defendants.**
26
27
28

   **COMPLAINT**

### INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. SUZANA PASTOR ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of BANK OF AMERICA, N.A. ("B of A"), GREEN TREE SERVICING, LLC, ("GTS"), DEPARTMENT STORES NATIONAL BANK ("DSNB"), and EQUIFAX INFORMATION SERVICES, LLC, ("Equifax") (or jointly as "Defendants") with regard to erroneous reports of derogatory and negative credit information made by

COMPLAINT

Defendants to national reporting agencies, and for failure of Defendants to properly investigate, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in Nevada.

6. Any violations by Defendants were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

### JURISDICTION AND VENUE

8. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

COMPLAINT

9. Venue is proper in this Court because Defendants are subject to personal jurisdiction in the County of Clark, State of Nevada as they conduct business there, and the conduct giving rise to this action occurred in Nevada.

## PARTIES

10. Plaintiff is a natural person residing in the County of Clark, State of Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c). Defendant B of A is a corporation doing business in the State of Nevada. Defendant GTS is a corporation doing business in the State of Nevada. Defendant DNSB is a corporation doing business in the State of Nevada. Defendant Equifax is a corporation doing business in the State of Nevada.

11. Defendants B of A, GTS, and DSNB are furnishers of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnish information to a consumer credit reporting agency.

12. Defendant Equifax is a national credit reporting agency, doing business in Nevada, with a principal place of business in Georgia.

## GENERAL ALLEGATIONS

13. At all times relevant, Plaintiff was an individual residing within the State of Nevada.

14. At all times relevant, Defendants conducted business in the State of Nevada.

**COMPLAINT**

15. On or about March 28, 2011, Plaintiff filed for Bankruptcy in the United States Bankruptcy Court for the District of Nevada. Plaintiff's case was assigned Case Number 11-14415 (the "Bankruptcy").

16. The obligations ("Debt") to each defendant were scheduled in the Bankruptcy and Defendants, the Creditors, received notice of the Bankruptcy.

17. On or about January 5, 2015, Plaintiff received a Bankruptcy discharge.

18. None of the Defendants filed any proceedings to declare their Debt "non dischargeable" pursuant to 11 U.S.C. § 523 *et seq*.

19. Defendants also did not request relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq*. while the Plaintiff's Bankruptcy was pending to pursue the Plaintiff on any *personal* liability for any of the underlying Debts.

20. Accordingly, the Debt to each defendant was discharged through the Bankruptcy.

21. Further, while the automatic stay was in effect during the Bankruptcy, it was illegal for any of the Defendants to report any post-Bankruptcy derogatory collection information.

22. Defendants' reporting post-Bankruptcy derogatory information was inaccurate and misleading in that Defendants continued reporting information based on Defendants' pre-bankruptcy contract terms with the

**COMPLAINT**

Plaintiff, which were no longer enforceable upon the bankruptcy filing, thereby rendering the disputed information "inaccurate."

23. Additionally, Defendants' inaccurate reporting did not comply with the Consumer Data Industry Association's Metro 2 reporting standards, which provides guidance for credit reporting and FCRA compliance.

24. Plaintiff subsequently learned that each of the named Defendants reported post-Bankruptcy derogatory credit information regarding the obligations on Plaintiff's credit reports, thereby causing erroneous and negative credit information in Plaintiff's credit files.

## Bank of America, N.A. Misreported Credit Information

## Re: Account No. 6818100249*

25. In an Equifax credit report dated April 20, 2015, B of A reported the following inaccurate, derogatory information:

- Balance Amount of $30,648

26. B of A should not have reported derogatory information on Plaintiff's account after March 28, 2011, because Plaintiff filed for Bankruptcy on March 28, 2011.

27. The adverse information reported by Defendant complained of herein was based on Defendant's assertion of pre-bankruptcy obligations and was therefore inaccurate, since after filing Chapter 13 Bankruptcy the Chapter 13

**COMPLAINT**

plan determined how Defendant would be paid. Failing to report consistent with the terms of the Chapter 13 plan was therefore inaccurate.

28. Defendant failed to report consistent with the terms of the Plaintiff's Chapter 13 Plan and thereby furnished inaccurate information as set forth herein.

29. On or about May 22, 2015, Plaintiff disputed B of A's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by B of A.

30. Specifically, Plaintiff sent a letter, certified, return receipt, to Equifax (the "Equifax Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

- This account was discharged in my Bankruptcy which was filed on 3/28/2011 and discharged 1/05/2015, bearing docket No. 11-14415 in the District for Nevada. The balance on this account should be "$0" and the status should be reporting as "current". Specifically, you show a Balance Amount of $30,648.

31. The Equifax Dispute Letter further requested that Equifax:

- Immediately delete this account and the disputed derogatory information from [Plaintiff's] credit report.

- The discharged debt should be reported with an account balance of $0 with a status of "current".

- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 3/28/2011, since a default on this account occurred no later than the Bankruptcy filing date.

**COMPLAINT**

- Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.

- If [Equifax] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

32. Upon information and belief, Equifax timely notified B of A of Plaintiff's dispute, but B of A continued reporting derogatory information.

33. B of A and Equifax were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

34. On or about June 30, 2015, Plaintiff received notification from Equifax that B of A and Equifax received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account "may be considered negative."

35. Surprisingly, rather than remove all the inaccurate, derogatory information from Plaintiff's report, B of A and Equifax simply left derogatory information on Plaintiff's report. Specifically, B of A and Equifax reported the following inaccurate, derogatory information:

- Balance Amount of $30,648

36. B of A and Equifax, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

**COMPLAINT**

37. B of A and Equifax failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

38. Due to B of A and Equifax's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

39. Plaintiff's continued efforts to correct B of A and Equifax's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with B of A and Equifax were fruitless.

40. B of A and Equifax's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

41. B of A and Equifax's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

42. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, B of A and Equifax failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

//

//

//

**COMPLAINT**

### Green Tree Servicing, LLC Misreported Credit Information

### Re: Account No. 6895*

43. In an Equifax credit report dated April 20, 2015, GTS reported the following inaccurate, derogatory information:

- Post-bankruptcy account activity: Date of Major Delinquency First Reported August 2013

44. GTS should not have reported derogatory information on Plaintiff's account after March 28, 2011, because Plaintiff filed for Bankruptcy on March 28, 2011.

45. The adverse information reported by Defendant complained of herein was based on Defendant's assertion of pre-bankruptcy obligations and was therefore inaccurate, since after filing Chapter 13 Bankruptcy the Chapter 13 plan determined how Defendant would be paid.  Failing to report consistent with the terms of the Chapter 13 plan was therefore inaccurate.

46. Defendant failed to report consistent with the terms of the Plaintiff's Chapter 13 Plan and thereby furnished inaccurate information as set forth herein.

47. On or about May 22, 2015, Plaintiff disputed GTS's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by GTS.

COMPLAINT

48. Specifically, Plaintiff sent a letter, certified, return receipt, to Equifax (the "Equifax Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

- This account was included in my Bankruptcy which was filed on 3/28/2011 and discharged 1/05/2015, bearing docket No. 11-14415 in the District for Nevada. The last activity date on this account should be no greater than the filing date, 3/28/2011. However, this account is showing activity after the Bankruptcy filing date, which is causing this account to remain on my credit report longer than it should. Specifically, you show the Date Maj. Del. 1st Rptd 08/2013.

49. The Equifax Dispute Letter further requested that Equifax:

- Immediately delete this account and the disputed derogatory information from [Plaintiff's] credit report.

- The discharged debt should be reported with an account balance of $0 with a status of "current".

- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 3/28/2011, since a default on this account occurred no later than the Bankruptcy filing date.

- Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.

- If [Equifax] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

50. Upon information and belief, Equifax timely notified GTS of Plaintiff's dispute, but GTS continued reporting derogatory information.

COMPLAINT

51. GTS and Equifax were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

52. On or about June 30, 2015, Plaintiff received notification from Equifax that GTS and Equifax received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account "may be considered negative."

53. Surprisingly, rather than remove all the inaccurate, derogatory information from Plaintiff's report, GTS and Equifax simply left derogatory information on Plaintiff's report and added more derogatory information.  Specifically, GTS and Equifax reported the following inaccurate, derogatory information:

- Post-bankruptcy account activity: Date of Major Delinquency First Reported May 2015

- Balance Amount of $151,159

54. GTS and Equifax, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

55. GTS and Equifax failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

56. Due to GTS and Equifax's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-

**COMPLAINT**

2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

57. Plaintiff's continued efforts to correct GTS and Equifax's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with GTS and Equifax were fruitless.

58. GTS and Equifax's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

59. GTS and Equifax's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

60. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, GTS and Equifax failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

**Department Stores National Bank Misreported Credit Information**

**Re: Account No. 435537002\***

61. In an Equifax credit report dated April 20, 2015, DSNB reported the following inaccurate, derogatory information:

- Post-bankruptcy account activity: Date of Major Delinquency First Reported November 2011

COMPLAINT

62. DSNB should not have reported derogatory information on Plaintiff's account after March 28, 2011, because Plaintiff filed for Bankruptcy on March 28, 2011.

63. The adverse information reported by Defendant complained of herein was based on Defendant's assertion of pre-bankruptcy obligations and was therefore inaccurate, since after filing Chapter 13 Bankruptcy the Chapter 13 plan determined how Defendant would be paid. Failing to report consistent with the terms of the Chapter 13 plan was therefore inaccurate.

64. Defendant failed to report consistent with the terms of the Plaintiff's Chapter 13 Plan and thereby furnished inaccurate information as set forth herein.

65. On or about May 22, 2015, Plaintiff disputed DSNB's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by DSNB.

66. Specifically, Plaintiff sent a letter, certified, return receipt, to Equifax (the "Equifax Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

- This account was included in my Bankruptcy which was filed on 3/28/2011 and discharged 1/05/2015, bearing docket No. 11-14415 in the District for Nevada. The last activity date on this account should be no greater than the filing date, 3/28/2011. However, this account is showing activity after the Bankruptcy filing date, which is causing this account to remain on my credit report longer than it should. Specifically, you show the Date Maj. Del. 1st Rptd 11/2011.

**COMPLAINT**

67. The Equifax Dispute Letter further requested that Equifax:

- Immediately delete this account and the disputed derogatory information from [Plaintiff's] credit report.

- The discharged debt should be reported with an account balance of $0 with a status of "current".

- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 3/28/2011, since a default on this account occurred no later than the Bankruptcy filing date.

- Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.

- If [Equifax] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

68. Upon information and belief, Equifax timely notified DSNB of Plaintiff's dispute, but DSNB continued reporting derogatory information.

69. DSNB and Equifax were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

70. On or about June 30, 2015, Plaintiff received notification from Equifax that DSNB and Equifax received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account "may be considered negative."

71. Surprisingly, rather than remove all the inaccurate, derogatory information from Plaintiff's report, DSNB and Equifax simply left derogatory

COMPLAINT

information on Plaintiff's report.  Specifically, DSNB and Equifax reported the following inaccurate, derogatory information:

- Post-bankruptcy account activity: Date of Major Delinquency First Reported November 2011

72. DSNB and Equifax, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

73. DSNB and Equifax failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

74. Due to DSNB and Equifax's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

75. Plaintiff's continued efforts to correct DSNB and Equifax's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with DSNB and Equifax were fruitless.

76. DSNB and Equifax's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

77. DSNB and Equifax's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

**COMPLAINT**

78. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, DSNB and Equifax failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681 *ET SEQ*. (FCRA)**

79. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

80. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.

81. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

82. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15

U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

### PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 ET SEQ. (FCRA)

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

### TRIAL BY JURY

83. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: August 5, 2015                    Respectfully submitted,


                                   BY: /s/ DANNY J. HOREN_____
                                        DANNY J. HOREN, ESQ.
                                        ATTORNEY FOR PLAINTIFF

**COMPLAINT**

**IAFD**
**KAZEROUNI LAW GROUP, APC**
Danny J. Horen, Esq.
NV Bar No. 13153
7854 W. Sahara Avenue
Las Vegas, NV 89117
Telephone: (800)400-6808
Facsimile:  (800)520-5523
*Attorneys for Plaintiff*

## DISTRICT COURT
## CLARK COUNTY, NEVADA

**SUZANA PASTOR,**

**Plaintiff,**

v.

**BANK OF AMERICA, N.A., GREEN TREE SERVICING, LLC, DEPARTMENT STORES NATIONAL BANK, and EQUIFAX INFORMATION SERVICES, LLC,**

**Defendants.**

CASE NO.  A-15-722669-C

DEPT. NO.  XXIX

### INITIAL APPEARANCE FEE DISCLOSURE (NRS CHAPTER 19)

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in the above entitled action as indicated below:

| 1st Appearance Fee |
| --- |
| ☒ $270.00 |

Total Paid      $  270.00

DATED: August 5, 2015

By:  /s/ Danny J. Horen
Danny Horen, Esq.
Attorney for Plaintiff

Electronically Filed
11/24/2015 07:41:17 PM

1  Sara Khosroabadi
   NV Bar No. 13703
2  sara@westcoastlitigation.com
3  **HYDE & SWIGART**
   7854 W. Sahara Avenue
4  Las Vegas, NV 89117
   Telephone:  (619) 233-7770
5  Facsimile:  (619) 297-1022

6

7  *Attorneys for Plaintiff,*
   Suzana Pastor

8

9

**CLERK OF THE COURT**

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| 11 | |
| 12  SUZANA PASTOR | **Case No.:** A-15-722669-C |
| 13          Plaintiff, | **DEPT. NO:** 29 |
| 14 | **NOTICE OF APPEARANCE** |
| 15  BANK OF AMERICA, N.A., | |
|     DEPARTMENT STORES | |
| 16  NATIONAL BANK, EQUIFAX | |
|     INFORMATION SERVICES, LLC. | |
| 17  GREEN TREE SERVICING, LLC. | |
| 18          Defendants. | |
| 19 | |

20

21          PLEASE TAKE NOTICE that Sara Khosroabadi of Hyde & Swigart, will

22  appear as Co-Counsel with the law firm of Haines & Krieger and The Kazerouni

23  Law Group, APC, for Plaintiff(s), Suzana Pastor.

24

25                                        **HYDE & SWIGART**

26

27  Date: 11/24/15                         By: /s/ Sara Khosroabadi
                                           Sara Khosroabadi
28                                         Attorneys for Plaintiff

---

Notice of Appearance                - 1 of 1 -                        A-15-722669-C

Electronically Filed
12/01/2015 08:35:16 PM

*[signature]*

**CLERK OF THE COURT**

1  SUBT
Michael Kind, Esq.
2  NV Bar No. 13903
KAZEROUNI LAW GROUP, APC
3  7854 W. Sahara Avenue
Las Vegas, Nevada 89117
4  Phone: (800) 400-6808 x7
Fax: (800) 520-5523
5  mkind@kazlg.com

6  David H. Krieger, Esq.
NV Bar No. 9086
7  HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
8  Henderson, Nevada 89123
Phone: (702) 880-5554
9  FAX: (702) 385-5518
dkrieger@hainesandkrieger.com
10
*Attorneys for Plaintiff*
11

12               **DISTRICT COURT**
             **CLARK COUNTY, NEVADA**
13
Suzana Pastor,                          Case No.: A-15-722669-C
14
              Plaintiff,
15
v.
16
BANK OF AMERICA, N.A., GREEN            **NOTICE OF CHANGE OF**
17  TREE SERVICING, LLC,                **STATUS OF COUNSEL**
DEPARTMENT STORES NATIONAL
18  BANK, and EQUIFAX INFORMATION
SERVICES, LLC,
19
              Defendants.
20

21        PLEASE TAKE NOTICE that effective December 1, 2015 Danny J. Horen left the firm

22  Kazerouni Law Group, APC.

23

24

NOTICE OF CHANGE OF STATUS OF COUNSEL                                    A-15-722669-C

1    PLEASE TAKE NOTICE that the undersigned hereby appears as co-counsel on behalf of

2  Plaintiff Suzana Pastor.  Please substitute Michael Kind for Danny J. Horen of Kazerouni Law

3  Group, APC to the service list at the address shown below.

4    DATED December 1, 2015.                   **KAZEROUNI LAW GROUP, APC**

5                                              By: /s/ Michael Kind
                                                   Michael Kind, Esq.
6                                                  NV Bar No. 13903
                                                   7854 W. Sahara Avenue
7                                                  Las Vegas, Nevada 89117
                                                   mkind@kazlg.com
8
                                                   *Attorney for Plaintiff*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**CERTIFICATE OF SERVICE**

     Pursuant to Rule 5(b) of the Nevada Rules of Civil Procedure and Part VIII of the Eighth Judicial District Court Rules, I certify that on the 1st day of December 2015, the foregoing NOTICE OF CHANGE OF STATUS OF COUNSEL was sent via the Court's electronic filing and service provider, Wiznet, to all parties that have appeared in this case and have registered to receive electronic notifications.

By: /s/ Michael Kind
     Michael Kind, Esq.
     NV Bar No. 13903
     7854 W. Sahara Avenue
     Las Vegas, Nevada 89117

Electronically Filed
12/04/2015 12:17:24 AM

CLERK OF THE COURT

**NOTA**
DARREN T. BRENNER, ESQ.
Nevada Bar No. 8386
MATTHEW I. KNEPPER, ESQ.
Nevada Bar No. 12796
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144
Telephone:   (702) 634-5000
Facsimile:   (702) 380-8572
Email:  darren.brenner@akerman.com
Email:  matthew.knepper@akerman.com

*Attorneys for Defendant Bank of America, N.A.*

**EIGHTH JUDICIAL DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| SUZANA PASTOR, | Case No.:   A-15-722669-C |
|            Plaintiff, | Dept. No.:   XXIX |
| v. | **NOTICE OF APPEARANCE** |
| BANK OF AMERICA, N.A.; GREEN TREE SERVICING, LLC; DEPARTMENT STORES NATIONAL   BANK;   and   EQUIFAX INFORMATION SERVICES, LLC, | |
|            Defendants. | |

PLEASE TAKE NOTICE that Darren T. Brenner, Esq., and Matthew I. Knepper, Esq.,

appear as counsel of record for Defendant Bank of America, N.A.

All items, including, but not limited to, pleadings, papers, correspondence, documents and

any other thing related to this matter can be forwarded to counsel at the below address:

DATED December 4, 2015.       **AKERMAN LLP**

/s/ *Matthew I. Knepper*
DARREN T. BRENNER, ESQ.
Nevada Bar No. 8386
MATTHEW I. KNEPPER, ESQ.
Nevada Bar No. 12796
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144

*Attorneys for Bank of America, N.A.*

{36718815;1}

AKERMAN LLP
1160 Town Center Drive, Suite 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4th day of December, 2015 and pursuant to NRCP 5(b), I served through this Court's electronic service notification system ("Wiznet") a true and correct copy of the foregoing **NOTICE OF APPEARANCE**, addressed to:

Michael Kind, Esq.
KAZEROUNI LAW GROUP, APC
mkind@kazlg.com

David H. Krieger, Esq.
HAINES & KRIEGER, LLC
wiznet@hainesandkrieger.com

Sara Khosroabadi, Esq.
HYDE & SWIGART
ecf@westcoastlitigation.com

*Attorneys for Plaintiff Suzana Pastor*

/s/ *Lucille Chiusano*
An employee of AKERMAN LLP

AKERMAN LLP
1160 Town Center Drive, Suite 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

{36718815;1}

2

Electronically Filed
12/04/2015 12:16:43 AM

**CLERK OF THE COURT**

**IAFD**
DARREN T. BRENNER, ESQ.
Nevada Bar No. 8386
MATTHEW I. KNEPPER, ESQ.
Nevada Bar No. 12796
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144
Telephone:   (702) 634-5000
Facsimile:   (702) 380-8572
Email:  darren.brenner@akerman.com
Email:  matthew.knepper@akerman.com

*Attorneys for Defendant Bank of America, N.A.*

**EIGHTH JUDICIAL DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| SUZANA PASTOR,<br><br>                        Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.; GREEN TREE SERVICING, LLC; DEPARTMENT STORES NATIONAL BANK; and EQUIFAX INFORMATION SERVICES, LLC,<br><br>                        Defendants. | Case No.:      A-15-722669-C<br>Dept. No.:     XXIX<br><br>**INITIAL APPEARANCE FEE DISCLOSURE** |

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in the above-entitled action as indicated below:

Bank of America, N.A.                         $223.00

TOTAL REMITTED:                          $223.00

DATED this 4th day of December, 2015.     **AKERMAN LLP**

/s/ *Matthew I. Knepper*
DARREN T. BRENNER, ESQ.
Nevada Bar No. 8386
MATTHEW I. KNEPPER, ESQ.
Nevada Bar No. 12796
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144

*Attorneys for Bank of America, N.A.*

{36718816;1}

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4th day of December, 2015 and pursuant to NRCP 5(b), I served through this Court's electronic service notification system ("Wiznet") a true and correct copy of the foregoing **INITIAL APPEARANCE FEE DISCLOSURE**, addressed to:

Michael Kind, Esq.
KAZEROUNI LAW GROUP, APC
mkind@kazlg.com

David H. Krieger, Esq.
HAINES & KRIEGER, LLC
wiznet@hainesandkrieger.com

Sara Khosroabadi, Esq.
HYDE & SWIGART
ecf@westcoastlitigation.com

*Attorneys for Plaintiff Suzana Pastor*

/s/ *Lucille Chiusano*
An employee of AKERMAN LLP

AKERMAN LLP
1160 Town Center Drive, Suite 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

{36718816;1}

2